IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| KEITH R. WISE, SR., | Civil Action No. 3:09-1324-HMH-JRM |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| MICHAEL J. ASTRUE, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

This case is before the Court pursuant to Local Rule 83.VII.02, et seq., D.S.C., concerning the disposition of Social Security cases in this District. Plaintiff brought this action pro se pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his claims for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB").

## ADMINISTRATIVE PROCEEDINGS

Plaintiff filed applications for SSI and DIB on October 20, 2003 and January 28, 2004, respectively, alleging disability since March 31, 1999.[1] Plaintiff's applications were denied initially

---

[1]Plaintiff applied for Social Security benefits twice before filing his current applications. He filed an application for SSI in February 1998, which was denied initially and after reconsideration (Tr. 14-15). Plaintiff did not seek further administrative review of that decision (Tr. 15). He also filed an application for DIB in February 2001, which was denied initially, upon reconsideration and, after a hearing, in a decision by an ALJ issued on June 26, 2003 (Tr. 30-39). After the Appeals Council denied his request for review of that decision, Plaintiff did not commence a civil action for judicial review. The ALJ specifically found that the doctrine of res judicata prevented Plaintiff from establishing disability prior to June 26, 2003 (Tr. 15). Where an ALJ's decision has become the final decision of the Commissioner, "[r]es judicata bars attempts to relitigate the same claim." Albright v. Comm'r of Soc. Sec., 174 F.3d 473, 475 (4th Cir.1999); see also Lively v. Sec'y of Health and
(continued...)

and on reconsideration, and he requested a hearing before an administrative law judge ("ALJ"). A hearing was held May 21, 2007, at which Plaintiff appeared pro se and testified. The ALJ issued a decision dated August 31, 2007, denying benefits and finding that Plaintiff was not disabled because he was able to perform his past relevant work as a fast food worker. A vocational expert ("VE") also testified at the hearing.

Plaintiff was forty-four years old at the time of the ALJ's decision. He has a high school education. Plaintiff alleges disability due to arm injuries, back and side problems, limited use of his right arm, inability to hold anything in the right hand or put pressure on the right arm, inability to lift and stand for any length of time, and an inability to walk, stoop, or bend.

The ALJ found (Tr. 17-22):

1. The claimant met the insured status requirements of the Social Security Act through December 31, 2005.

2. The claimant has engaged in substantial gainful activity since March 31, 1999, the alleged onset date (20 CFR 404.1520(b), 404.1571 *et seq.*, 416.920(b) and 416.971 *et seq.*).

3. The claimant has the following severe impairments: history of fractured right humerus from 1990, right rotator cuff tendonitis/bursitis, cervical spondylosis, congenital central spinal stenosis, and disc protrusion at C2-3 and C3-4 (20 CFR 404.l520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

---

[1](...continued)
Human Servs., 820 F.2d 1391, 1392 (4th Cir.1987) (noting that "res judicata prevents reappraisal of both the [Commissioner's] findings and his decision in Social Security cases that have become final"); Shrader v. Harris, 631 F.2d 297, 300-01 (4th Cir.1980) (noting incorporation of the doctrine of res judicata in the Commissioner's regulations); and 20 C.F.R. § 404.957(c)(1).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift or carry 20 pounds occasionally and 10 pounds frequently; occasionally pushing or pulling with the right arm; only occasional stooping, crouching, kneeling, and climbing of stairs or ramps; no crawling, balancing or climbing of ladders or scaffolds; occasional reaching overhead with the right, dominant arm; and avoidance of vibration to the right arm.

6. The claimant is capable of performing past relevant work as a fast food worker. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

7. The claimant has not been under a disability, as defined in the Social Security Act, from March 31, 1999, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

On April 9, 2009, the Appeals Council denied Plaintiff's request for review, making the decision of the ALJ the final action of the Commissioner. Plaintiff filed this action on May 20, 2009.[2]

## MEDICAL RECORD

Plaintiff was treated at the Free Medical Clinic in Columbia, South Carolina on October 25, 2003. He complained of right-arm pain and requested an examination for purposes of disability. Examination of Plaintiff's right upper extremity revealed no swelling, limited range of motion due to pain (including an inability to raise his arm above shoulder level), and 2/5 grip strength. Tylenol and x-rays of his cervical spine and right shoulder were recommended (Tr. 149).

---

[2]As an attachment to his complaint, Plaintiff filed copies of various medical records and parts of the administrative record. Some of the records submitted by Plaintiff concern what appears to be a subsequent application for benefits. These records are not properly before the Court. Additionally, Plaintiff has submitted copies of x-rays taken on January 28, 2008, after the ALJ's decision. These records are not properly before the court. "Reviewing courts are restricted to the administrative record in performing their limited function of determining whether the [Commissioner's] decision is supported by substantial evidence." Huckabee v. Richardson, 468 F.2d 1380, 1381 (4th Cir. 1972); see also 42 U.S.C. § 405(g).

3

An x-ray of Plaintiff's right shoulder on December 29, 2003, revealed evidence of an old fracture of the right humerus with mild angulation. X-rays of his lumbar spine the same day were reported as normal (Tr. 158).

Dr. Mitchell H. Hegquist examined Plaintiff at the Commissioner's request on April 20, 2004. Plaintiff reported a history of chronic pain in his right arm and shoulder, lower back, right leg, and ribs after falling from a scaffold in 1990. He complained of left knee pain related to a recent fall. He denied having any medical treatment since 1991, other than recent examination at the Free Medical Clinic, and reported that his only medication was Tylenol. Dr. Hegquist noted that Plaintiff's hospital records showed a fractured humerus as the only injury sustained in his 1990 fall. Examination revealed that Plaintiff had reduced range of motion in his right upper extremity and spine, normal gait, full range of motion of his neck, no motor or sensory deficits, no muscle spasm or tenderness in the spinal muscles, normal grip strength, and normal mental status. X-rays of Plaintiff's left knee showed some periarticular sclerosis involving the tibia and well-maintained joint space. Dr. Hegquist diagnosed cigarette abuse, status post injury 1990 with fractured right humerus, and left knee pain (Tr. 141-146).

On April 27, 2004, Plaintiff was examined at the Free Medical Clinic for complaints of pain in his lower back and right arm from his 1990 fall. Examination revealed no evidence of lumbosacral radiculopathy and was otherwise negative (Tr. 149). Plaintiff was referred to Palmetto Health Richland in July 2004 for evaluation of longstanding back pain and right arm weakness. Examination revealed decreased range of motion of Plaintiff's spine and right upper extremity, reduced (4/5) strength in his right upper extremity, negative straight leg raises, intact sensory and motor functioning, and normal range of motion in the knees. Plaintiff was diagnosed with right

4

rotator cuff tendinitis/bursitis and chronic back pain, and physical therapy was prescribed (Tr. 160-162).

On May 3, 2004, a CT scan of Plaintiff's cervical spine showed cervical spondylosis with no forminal or central canal stenosis (Tr. 157). An MRI scan of Plaintiff's cervical spine on May 27, 2004, revealed congenital central spinal stenosis, protruding disks at C2-3 and C3-4, and foraminal stenosis at C3-4 (Tr. 155-156).

Dr. Charles C. Jones, a non-examining state agency physician, assessed Plaintiff's physical residual functional capacity ("RFC") on July 30, 2004. Dr. Jones opined that Plaintiff could lift fifty pounds occasionally and twenty-five pounds frequently; sit for six hours and stand and/or walk for six hours in an eight-hour day; frequently balance, climb ramps/stairs, kneel, and crawl; occasionally stoop and crouch; and never climb ladders or scaffolds. Dr. Jones also opined that Plaintiff should avoid frequent reaching with his upper right extremity (Tr. 173-180).

Plaintiff was treated at Palmetto Health Richland on October 12, 2004, for complaints of pain, swelling, and give-way weakness in his left knee after a fall five months earlier. Examination revealed no abnormalities (Tr. 159).

Dr. Elaine Jeter, a non-examining state agency physician, assessed Plaintiff's physical RFC on January 20, 2005. Dr. Jeter opined that Plaintiff could lift twenty pounds occasionally and ten pounds frequently; sit for six hours and stand and/or walk for six hours in an eight-hour day; frequently balance; and occasionally climb, stoop, kneel, crouch, and crawl. Dr. Jeter also opined that Plaintiff should avoid frequent reaching with his upper right extremity (Tr. 164-1706).

In December 2005, Plaintiff was diagnosed with a cyst on the right temple and a lipoma in his right rib area (Tr. 257-265). In February 2006, he was treated for pharyngitis and a rash (Tr. 255).

5

On April 3, 2006, Plaintiff received treatment at Palmetto Health Richland for an acute allergic dermatitis and an upper respiratory infection (Tr. 231-245). On examination, Dr. John Robinson noted that Plaintiff had normal gait, equal strength bilaterally, and "[f]ull pain free active range of motion in all major joints in all 4 extremities" (Tr. 234).

Dr. Hegquist examined Plaintiff again on June 12, 2006. Although Plaintiff related that his right arm was shattered in three places in his 1990 accident, Dr. Hegquist noted that Plaintiff did not undergo surgery after the accident, but was treated with a cast. Plaintiff complained of chronic pain in his right arm, chronic lower back pain without radiation into his extremities, and bilateral knee pain. Plaintiff reported that he was taking Ibuprofen and an antibiotic. Examination revealed that Plaintiff had tenderness in the right deltoid musculature, "slow full range of motion" and 4/5 strength in his right shoulder, tenderness over both knees and his entire lower back, no muscle spasms or atrophy, normal grip strength, no motor or sensory deficits, and normal mental status. He also noted that x-rays of Plaintiff's cervical spine, right shoulder, and right and left knees showed no obvious abnormalities. Dr. Hegquist's assessment was that Plaintiff was mildly overweight, had a long history of cigarette abuse, had elevated blood pressure, was "[s]tatus post on the job injury in 1991 with subsequent complaints of shoulder pain and lower back pain," and had "[c]omplaints of bilateral knee pain with etiology and onset unknown" (Tr. 246-250).

In August 2006, Plaintiff was examined at the Free Medical Clinic for complaints of hypertension with dizziness and headaches, knee pain, right shoulder pain, and a swollen gland in his neck. A physician prescribed medication for hypertension and referred Plaintiff to a specialist for possible drainage of an infected submandibular gland (Tr. 252).

6

**HEARING TESTIMONY**

At the hearing, Plaintiff testified that his right arm was shattered when he fell in 1990, and that he was confined to bed and unable to move for three months after the accident (Tr. 284, 289-290). He reported that the only medications he was taking were Ibuprofen and anti-hypertensive medication (Tr. 271-272). Plaintiff stated that in 1994 or 1995, a doctor told him that if he did not have surgery on his right arm he would not be able to use it, and that he had two "messed up" disks in his back (Tr. 282). He testified that he was unable to "really hold anything" in his right hand and had difficulty using his right hand to brush his teeth due to pain (Tr. 285). Plaintiff said he could raise his right arm above his head, but only if he moved it very slowly. He testified that he experienced pain in his back and both knees and that he had numbness throughout his right leg (Tr. 286). Plaintiff reported that his daily activities included watching television, helping his children with their homework, playing chess, doing small household chores, and grocery shopping (Tr. 290-291).

**STANDARD OF REVIEW**

The only issues before this Court are whether correct legal principles were applied and whether the Commissioner's findings of fact are supported by substantial evidence. Richardson v. Perales, 402 U.S. 389 (1971) and Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1972). Under 42 U.S.C. §§ 423(d)(1)(A) and 423(d)(5) pursuant to the Regulations formulated by the Commissioner, Plaintiff has the burden of proving disability, which is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a

continuous period of not less than twelve months...." See 20 C.F.R. § 404.1505(a) and <u>Blalock v. Richardson</u>, supra.

## **DISCUSSION**

Plaintiff appears to allege that the Commissioner's decision is not supported by substantial evidence.[3] The Commissioner contends that the ALJ's decision is supported by substantial evidence and free of legal error.

In evaluating whether a claimant is entitled to disability insurance benefits, the ALJ must follow the five-step sequential evaluation of disability set forth in the Social Security regulations. See 20 C.F.R. § 404.1520. The ALJ must consider whether a claimant (1) is working, (2) has a severe impairment, (3) has an impairment that meets or equals the requirements of a listed impairment, (4) can return to his past work, and (5) if not, whether the claimant retains the capacity to perform specific jobs that exist in significant numbers in the national economy. See id.

At any hearing, the ALJ has an affirmative duty to the claimant to reach a decision only after a "full and fair" hearing. 20 C.F.R. § 404.927 (1990).

> While lack of representation by counsel is not by itself an indication that a hearing was not full and fair (footnote omitted), it is settled that where the absence of counsel created clear prejudice or unfairness to the claimant, a remand is proper. . . It is equally settled that in pro se cases, Administrative Law Judges have a duty to assume a more active role in helping claimants develop the record.

---

[3] In his brief and response brief, Plaintiff discusses at length his 1990 accident and his related workers' compensation case. He complains about mistakes and alleged corruption by his former employer, as well as the doctors and lawyers in that case. There is, however, no indication that this relates to the Social Security Administration's decision in the present action. Plaintiff also appears to argue that records from Dr. Moore, who treated him in approximately 1991, should have been a part of the record. He has not produced these records and there is no indication they show that he was disabled during the relevant time period (June 26, 2003 to August 31, 2007).

8

Sims v. Harris, 631 F.2d 26 (4th Cir. 1980)(citations omitted). See also Walker v. Harris, 642 F.2d 712 (4th Cir. 1981) and Cook v. Heckler, 783 F.2d 1168 (4th Cir. 1986).

Here, the ALJ specifically asked Plaintiff if he understood his right to be represented by counsel and Plaintiff indicated that he wanted to go ahead and proceed without being represented. Tr. 270-271. The same day as the hearing, Plaintiff also completed a form in which he indicated that he received a letter informing him of his right to be represented by counsel, he understood his right to be represented, and he wished to proceed with the hearing that day without representation (Tr. 201). At the hearing, the ALJ specifically asked questions about Plaintiff's age, past vocational experiences, impairments, his daily activities, and his limitations. The ALJ also offered Plaintiff the opportunity to question the VE. Although Plaintiff was not represented by counsel, there is no indication that he did not receive a full and fair hearing.

The ALJ's determination that Plaintiff had the residual RFC to perform light work[4] with some postural limitations is supported by substantial evidence.[5] The claimant bears the burden of establishing he is incapable of performing his past relevant work as a result of his medically determinable impairments. See Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995); Hunter v.

---

[4]Light work activity involves lifting and carrying up to twenty pounds occasionally and ten pounds frequently with walking, standing, and sitting for six hours in an eight-hour day. 20 C.F.R. § 404.1567(b).

[5]Substantial evidence is:
> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984); Laws v. Celebreeze, 368 F.2d 640, 642 (4th Cir. 1966). It must do more, however, than merely create a suspicion that the fact to be established exists. Cornett v. Califano, 590 F.2d 91, 93 (4th Cir. 1978).

Sullivan, 993 F.2d 31, 35 (4th Cir. 1992). Here, apart from his own allegations of disabling pain (discussed further below), Plaintiff failed to submit anything to show that he was unable to perform the limited range of light work of which the ALJ found him capable of during the relevant time period.

None of Plaintiff's treating or examining physicians found that he was disabled. See Lee v. Sullivan, 945 F.2d 687, 693 (4th Cir. 1991)(finding that no physician opined that claimant was totally and permanently disabled supported a finding of no disability); Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996)(treating physician's opinion entitled to great weight). In April 2004, Dr. Hegquist found that Plaintiff had reduced range of motion in his right upper extremity and spine, but had normal gait, full range of motion of his neck, and no motor or sensory deficits (Tr. 141-146). In June 2006, Dr. Hegquist found that Plaintiff had 4/5 strength in his right shoulder, normal grip strength, normal gait, and no motor or sensory deficits (Tr. 248-249). Examination at the Free Medical Clinic in July 2004 revealed decreased range of motion in Plaintiff's spine and right upper extremity and 4/5 strength in his right upper extremity, but negative straight leg raises, intact sensory and motor functioning, and normal range of motion in his knees (Tr. 160). In April 2006, an emergency room physician noted that Plaintiff had normal gait, equal strength bilaterally, and "[f]ull pain free active range of motion in all major joints in all 4 extremities" (Tr. 234). Additionally, the ALJ's determination as to Plaintiff's RFC is supported by the findings of the state agency physicians (Dr. Jones and Dr. Jeter). See 20 C.F.R. §§ 404.1527(f)(2) and 416.927(f)(2); SSR 96-6p ("Findings of fact made by State agency ... [physicians]... regarding the nature and severity of an individual's impairments must be treated as expert opinion of non-examining sources at the [ALJ] and Appeals Council level of administrative review.").

The ALJ's determination that Plaintiff's allegations of incapacitating pain were not entirely credible is supported by substantial evidence and correct under controlling law. In assessing credibility and complaints of pain, the ALJ must: (1) determine whether there is objective evidence of an impairment which could reasonably be expected to produce the pain alleged by a plaintiff and, if such evidence exists, (2) consider a claimant's subjective complaints of pain, along with all of the evidence in the record. See Craig v. Chater, 76 F.3d at 591-92; Mickles v. Shalala, 29 F.3d 918 (4th Cir. 1994). Although a claimant's allegations about pain may not be discredited solely because they are not substantiated by objective evidence of the pain itself or its severity, they need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which the impairment can reasonably be expected to cause the pain the claimant alleges he suffers. A claimant's symptoms, including pain, are considered to diminish his or her capacity to work to the extent that alleged functional limitations are reasonably consistent with objective medical and other evidence. 20 C.F.R. §§ 404.1529(c)(4) and 416.929(c)(4).

The ALJ properly applied the two-part test above and found that Plaintiff's medically determinable impairments could reasonably be expected to produce some of the alleged symptoms, but that his statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely credible (Tr. 19). The ALJ's decision is supported by the medical evidence, as discussed above, and is also supported by the non-medical evidence. Plaintiff reported to Dr. Hegquist in April 2004 that he had not sought treatment for his condition since 1991, other than recent treatment at the Free Medical Clinic (Tr. 142). The ALJ also noted that although Plaintiff had access to a free medical clinic, the record showed extremely limited office visits and treatment. A

11

claimant's lack of treatment may be considered in evaluating whether an impairment is disabling. See Mickles v. Shalala, 29 F.3d at 930 (finding that inconsistency between the level of claimant's treatment and her claims of disabling pain supported the conclusion that claimant was not credible). The ALJ also noted that despite Plaintiff's allegations of severe and chronic pain in his application, and despite no other medication than over-the-counter Tylenol, Plaintiff did not request any pain medication from the Free Medical Clinic. As discussed above, the only pain medications reported by Plaintiff were Tylenol and Ibuprofen. See, e.g., Shively v. Heckler, 739 F.2d 987, 990 (4th Cir. 1984) (expressing approval of ALJ's consideration of a plaintiff's lack of strong pain medication); see also 20 C.F.R. § 404.1529(c)(3)(listing "other evidence" to be considered when "determining the extent to which [claimant's] symptoms limit [claimant's] capacity for work," including, "(iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms[.]"). Additionally, inconsistencies between a claimant's alleged symptoms and the evidence of record may support a finding that the claimant is not fully credible. See Mickles, 29 F.3d at 921. Plaintiff alleged that he was unable to effectively grip with his right hand, but Dr. Hegquist found that Plaintiff had normal grip strength on two occasions (Tr. 144, 248).

Substantial evidence also supported the ALJ's finding that Plaintiff was able to perform his past relevant work as a fast food worker despite his impairments. At the hearing, an VE testified that a person of Plaintiff's age, education, work experience, and RFC could perform Plaintiff's past work as a fast food worker (Tr. 301). "[A] vocational expert or specialist may offer expert opinion testimony in response to a hypothetical question about whether a person with the physical and mental limitations imposed by the claimant's medical impairment(s) can meet the demands of the claimant's previous work. 20 C.F.R. § 404.1560(b)(2).

**CONCLUSION**

Despite Plaintiff's claims, he fails to show that the Commissioner's decision was not based on substantial evidence. This Court may not reverse a decision simply because a plaintiff has produced some evidence which might contradict the Commissioner's decision or because, if the decision was considered de novo, a different result might be reached.

This Court is charged with reviewing the case only to determine whether the findings of the Commissioner were based on substantial evidence, Richardson v. Perales, supra. Even where a plaintiff can produce conflicting evidence which might have resulted in a contrary decision, the Commissioner's findings must be affirmed if substantial evidence supported the decision, Blalock v. Richardson, supra. The Commissioner is charged with resolving conflicts in the evidence, and this Court cannot reverse that decision merely because the evidence would permit a different conclusion. Shively v. Heckler, supra. It is, therefore,

RECOMMENDED that the Commissioner's decision be affirmed.

Joseph R. McCrorey
United States Magistrate Judge

March 26, 2010
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).